**In re William D. MEYERS, Debtor.**

**Bankruptcy No. 90–01855.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 29, 1994.

William T. Goslee, Trustee, Bellefontaine, OH.

Thomas G. Kovach, Cleveland, OH, for PACO Development.

William D. Meyers, debtor/pro-se.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Trustee's Objection to Claim of PACO Development Partners II (hereafter "PACO") and PACO's Response. At the Hearing, the parties were afforded the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. Leave was granted to the Trustee to file a Response no later than June 27, 1994. The Trustee declined the opportunity to file a Response and requested that the Court rely upon the previously filed Memorandum and arguments of Counsel.

This Court has reviewed the Memorandum, arguments of counsel, exhibits as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Trustee's Objection should be Overruled; that PACO's claim should be Allowed; and that PACO's claim should share in the distribution of the property of the estate pursuant to 11 U.S.C. § 726(a)(3).

### FACTS

Debtor filed for relief pursuant to Chapter 7 of the Bankruptcy Code on or about June 1, 1990. PACO obtained a "Judgment by Default and Costs Contract" for Ten Thousand One Hundred Fifty-five and 98/100 Dollars ($10,155.98) against Debtor on June 27, 1990 in the Superior Court of New Jersey. The Petition for relief was amended to include PACO on October 11, 1991. Counsel for Debtor certified that service of the Amendment and Notice of the § 341 Meeting was made upon PACO's Counsel. A Notice to Creditors to File Claims was mailed to PACO's Counsel on August 5, 1992 through BANS.

On March 3, 1994, PACO filed its Proof of Claim and the Trustee filed an Objection to Claim on April 14, 1994. PACO filed its Response to the Trustee's Objection on June 6, 1994. The Court granted the Trustee leave to file a Response by June 27, 1994; however, the Trustee did not file a Response and instead requested that the Court rely upon the previously filed Memorandum, arguments, and evidence adduced at the Hearing.

### LAW

11 U.S.C. § 502

**§ 502. Allowance of claims or interests.**

(a) A claim or interest, proof of which is filed under section 501 of this title, is

deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— ...

## 11 U.S.C. § 726

### § 726. Distribution of property of the estate.

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(a) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

### BANKRUPTCY RULE 3007. Objection to Claims.

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in rule 7001, it becomes an adversary proceeding.

### DISCUSSION

This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1334.

The Trustee seeks the disallowance of PACO's Proof of Claim on the basis that it was tardily filed. PACO argues that pursuant to 11 U.S.C. § 726(a)(2)(C), its tardily filed claim should be allowed under 11 U.S.C. § 502 and subject to distribution under 11 U.S.C. § 726 since PACO did not receive notice in time for timely filing of a proof of such claim under Section 501(a). PACO also argues that pursuant to Bankruptcy Rule 7001(8), Debtor has failed to invoke the jurisdiction of the Court by improperly raising the issue of subordination in an objection. PACO further argues that the proper format for raising the issue of subordination is in an adversary proceeding.

■ The Court will first consider whether the Trustee failed to invoke the jurisdiction of this Court by filing an Objection and by not filing an adversary proceeding. BANKRUPTCY RULE 3007 requires that an objection to the allowance of a claim be in writing and filed with notice of the hearing mailed or delivered to the debtor, and trustee at least thirty (30) days prior to the hearing. Only in the event that the objection is joined by a demand for relief specified pursuant to BANKRUPTCY RULE 7001 does the objection constitute an adversary proceeding. BANKRUPTCY RULE 3007.

The Trustee's Objection complies with BANKRUPTCY RULE 3007. It is in writing; filed with this Court on April 4, 1994; and served upon Debtor, Creditor and their attendant Counsel at least thirty (30) days prior to the June 6, 1994 Hearing. The sole demand in the Trustee's Objection is the disallowance of PACO's claim. Since there is

no demand for the subordination of PACO's claim, the Trustee's Objection is proper.

 The Court must next consider whether PACO's tardily filed claim should be allowed. Subsection 502(b) prescribes the grounds upon which a claim may be disallowed. PACO's claim of Ten Thousand One Hundred Fifty-five and 98/100 Dollars ($10,155.98) is not excludable under this subsection and should therefore be allowed.

 Finally, the Court must consider whether PACO's allowed yet tardily filed claim is subject to distribution under 11 U.S.C. § 726(a)(2)(C) or 726(a)(3). This Court finds that PACO's claim should be denied distribution in the property of the estate pursuant to 11 U.S.C. § 726(a)(2)(C); however, PACO is entitled to distribution in the property of the estate under 11 U.S.C. § 726(a)(3).

To succeed under Section 726(a)(2)(C), the creditor holding such claim must prove that notice was not received or that the creditor did not have actual knowledge of the case in time to file a timely proof of claim under section 501(a); and that the proof of claim is filed in time to permit payment of such claim. Section 726(a)(3) provides for payment to those claims which are unable to meet the standards for distribution under 11 U.S.C. § 726(a)(2)(C).

Taking judicial notice of its official docket, the Court notes that service of the Amended Petition was made on PACO on or about October 11, 1991. PACO, by and through its Counsel Thomas Kovach, was mailed a Notice to file Claims through BANS on August 5, 1992. The Court's file does not contain envelopes returned from the United States Postmaster which were addressed to PACO and subsequently returned. The presumption exists that the notices were prepared by BANS, correctly addressed, mailed and received by PACO's Counsel. The burden therefore shifts to PACO to rebut this presumption. PACO has failed to offer any proof that notice was not received or that it did not have actual knowledge of the case to file a timely proof of claim. In fact, the evidence proves that Counsel for PACO had knowledge of the opportunity to file claims in a timely fashion. Without proof to the contrary, PACO's tardily filed claim should not share in the distribution of the property of the estate under 11 U.S.C. § 726(a)(2)(C).

Section 726(a)(3) does provide for the payment of any allowed unsecured tardily filed claim pursuant to 501(a). This includes any claim other than a claim specified under Section 726(a)(2)(C). PACO's allowed, unsecured and tardily filed claim is entitled to share in the distribution of the property of the estate pursuant to 11 U.S.C. § 726(a)(3), not 11 U.S.C. § 726(a)(2)(C).

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that PACO's Proof of Claim of Ten Thousand One Hundred Fifty-five and 98/100 Dollars ($10,155.98) shall be, and is hereby, **ALLOWED;** and that PACO shall share in the distribution of the property of Debtor's estate pursuant to 11 U.S.C. § 726(a)(3).